1   MICHAEL B. COOPER (Bar No. 267457)
    E-Mail: mcooper@mbeachlaw.com
2   KIRSTEN STOCKTON (Bar No. 286967)
    E-Mail: kstockton@mbeachlaw.com
3   YOFFE & COOPER, LLP
4   3713 Highland Ave., Suite 2
    Manhattan Beach, CA  90266
5   Telephone:   (310) 982-2699
6   Facsimile:    (877) 571-9810

7   STEPHEN HOFER (Bar No. 93966)
    E-Mail: shofer@aerlex.com
8   DOUG L. STUART (Bar No. 131480)
    E-Mail: dstuart@aerlex.com
9   AERLEX LAW GROUP
    11900 West Olympic Blvd., Suite 450
10  Los Angeles, CA 90064
    Telephone: (310) 392-5200
11  Facsimile: (310) 392-5255

12  Attorneys for Defendants Advanced
    Air, LLC, Hawthorne Airport, LLC, D.
13  Wehrly, L. Stockton

14
15

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 16  HAWTHORNE HANGAR OPERATIONS, LP, a California limited partnership; DAN WOLFE, an individual, <br><br> 18                                    Plaintiffs, <br><br> 19                    vs. <br><br> 20  HAWTHORNE AIRPORT, LLC, a Delaware limited liability company; ADVANCED AIR, LLC, a California limited liability company, DAVID WEHRLY, an individual, LEVI STOCKTON, an individual; and THE CITY OF HAWTHORNE, a municipal corporation, <br><br> 24                                   Defendants. | Case No.:  2:20-cv-10744-PA-AS <br><br> *[ORIGINAL]* <br><br> DEFENDANTS',     HAWTHORNE AIRPORT, LLC, ADVANCED AIR, LLC, DAVID WEHRLY, AND LEVI STOCKTON, JOINT MOTION TO DISMISS   COMPLAINT   WITH PREJUDICE   PURSUANT   TO F.R.C.P RULE 12(b)(1), (3), (5), (6), MOTION   FOR   MORE   DEFINITE STATEMENT   PURSUANT   TO F.R.C.P RULE 12(e), AND MOTION TO STRIKE PURSUANT TO F.R.C.P RULE 12(f) <br><br> *[Assigned to Hon. Percy Anderson]* <br><br> *[Decl. Of K. Stockton, Esq, RJN, and PO filed concurrently herewith]* <br>*[LR 7-3 discussed in Decl. K. Stockton]* <br><br> Hearing Date:  February 22, 2021 <br>Hearing Time: 1:30 PM <br>Courtroom: 9A |

1

NOTICE OF MOTION

## **NOTICE OF MOTION**

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD, NOTICE IS HEREBY GIVEN that on February 22, 2021 at 1:30 PM, or as soon thereafter as counsel may be heard in courtroom 9A of the Hon. Percy Anderson of the above-entitled court located at First Street Courthouse, 350 W. 1st Street, 9th Floor, Los Angeles, CA 90012, Defendants Hawthorne Airport, LLC, Advanced Air, LLC, David Wehrly, and Levi Stockton (collectively "Defendants") will move this Court for an order:

1.   Dismissing the Complaint against Defendants pursuant to Rule 12(b)(1), (3), (5), and (6) of the Federal Rules of Civil Procedure because:

    a.   The First and Second Causes of Action: are barred by the statute of limitations, res judicata, waiver, and estoppel; are being brought in an improper venue; fail to state a claim; and fail to establish an antitrust injury-in-fact.

    b.   The Third Cause of Action: is barred by res judicata, waiver, and estoppel; is brought in an improper venue and against improper parties; and is legally frivolous thereby failing to state a claim.

    c.   The Fourth Cause of Action: is barred by the statute of limitations, res judicata, waiver, and estoppel; and fails to state a claim.

2.   For a more definite statement pursuant to Rule 12(e), and thus clarification with respects to the First and Second Causes of Action causes of action.

3.   Striking the following content from the Complaint pursuant to Rule 12(f): portions of ¶¶24-25, 30-31; ¶44, ln.11; Wehrly and Stockton on pg. 17, ln.4-5, and portions of ¶52 (as more particularly described in the accompany memo).

*/ / /*

*/ /*

This Motion is made after Plaintiffs' counsel expressly refused to engage in a meet and confer conference pursuant to LR 7-3.  (Decl. K. Stockton, ¶9(a-o).)

DATED: January 21, 2021

**YOFFE & COOPER, LLP**
MICHAEL B. COOPER
KIRSTEN STOCKTON

By:

_____

Attorneys for Defendants Hawthorne Airport, LLC, Advanced Air, LLC, David Wehrly, and Levi Stockton

3
NOTICE OF MOTION

# <u>TABLE OF CONTENTS</u>

I.     **INTRODUCTION** ...................................................................... 1

II.    **FACTUAL BACKGROUND** ...................................................... 1

III.   **PROCEDURAL BACKGROUND** ............................................. 3

IV.  **LEGAL STANDARD.** ............................................................... 5

      A.    For Rule 12(b)(6) Motions. ................................................. 5

      B.    For Rule 12(e) Motions. ...................................................... 5

      C.    For Rule 12(f) Motions ....................................................... 6

V.    **THE FIRST AND SECOND CAUSES FAIL ON THEIR FACE.** ............ 6

      A.    Plaintiffs Have Not Suffered Antitrust Injury. ..................... 6

      B.    The First And Second Claims Are Time-Barred. ................... 6

      C.    The First And Second Claims Are Barred By Res Judicata, Waiver And Estoppel. .......................................................... 7

      D.    Grant Assurance Claims Should Be Before The Federal Aviation Administration. ...................................................... 9

VI.  **THE FIRST SHERMAN ACT CAUSE OF ACTION FAILS TO STATE A CLAIM, OR REQUIRES A MORE DEFINITE STATEMENT.** ... 11

      A.    The First Cause Fails To Make A Claim For Relief. .............. 11

            1.    There Is No Agreement And No Conspiracy. ........................... 11

            2.    There Is No Unreasonable Restraint on Trade. ........................ 12

            3.    The Restraint Does Not Affect Interstate Commerce. ............. 12

            4.    There Is No Antitrust Injury. ..................................................... 12

      B.    The First Cause Requires A More Definite Statement. ....................... 12

VII.  **THE SECOND SHERMAN ACT CAUSE OF ACTION FAILS TO STATE A CLAIM, OR REQUIRES A MORE DEFINITE STATEMENT.** ... 13

A.     The Second Claim Fails Because There Is No Private Right Of Action With Respects To Grant Assurances. ..................................... 13

B.     The Second Cause Fails To Make A Claim For Relief. ..................... 13

     1.     There Is No Monopolization Alleged. ..................................... 14

     2.     There Is No Attempt At Monopolization Alleged. ................. 14

     3.     There Is No Antitrust Injury. .................................................. 15

C.     The Second Cause Requires A More Definite Statement. ................. 15

**VIII.   THE THIRD CAUSE OF ACTION FOR DECLARATORY RELIEF IS FRIVOLOUS.** .................................................................................... 15

A.     B&P Code § 16600 Does Not Arise Under Federal Law. The Court Has No Jurisdiction Over This Claim. ..................................... 15

B.     B&P Code § 16600 Does Not Apply To Partnership Disassociations. .................................................................................. 15

C.     B&P Code § 16600 Does Not Apply To Land Use. ......................... 16

D.     This Claim Is Improper Against Wehrly And Stockton. .................... 16

E.     This Claim Is Improper Against HA, LLC And AA, LLC. .............. 16

**IX.    THE FOURTH CAUSE OF ACTION FOR NUISANCE IS BARRED BY THE STATUE OF LIMITATIONS AND OTHER PRINCIPLES.** .......... 17

A.     This Claim Is Barred By a Three-Year The Statute Of Limitations. ......................................................................................... 17

B.     This Claim Is Legally Barred Because Of The Prior Dismissal And A Signed Settlement Agreement And Release. ........................... 17

C.     Regardless, There Is No Nuisance. .................................................... 17

**X.    THE COURT LACKS PERSONAL JURISDICTION OVER PARTICULAR PARTIES AND SUBJECT MATTER JURISDICTION OVER THE STATE CLAIMS.** .................................................................... 18

A.     Service Of Process Was Defective On HA, LLC And AA, LLC. ...... 18

B.    The Court Lacks Subject Matter Jurisdiction Over The State Claims Because Supplemental Jurisdiction Is Not Proper. ............... 19

**XI.    PURSUANT TO RULE 12(f), THE FOLLOWING SHOULD BE STRICKEN FROM THE COMPLAINT.** ........................................... 19

A.    Under The General Allegations. ........................................... 19

B.    Under The Second Cause Of Action. .................................. 20

C.    Under The Third Cause Of Action. .................................... 20

D.    Under The Fourth Cause Of Action. .................................. 21

**XII.    LEAVE TO AMEND SHOULD BE DENIED.** ........................................ 21

**XIII.  CONCLUSION** ........................................................ 22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF AUTHORITIES**

**Cases**

*Align Technology, Inc. v. Tran* (2009) 179 Cal.App.4th 949 ................................. 16

*Arizona v. City of Tucson* (9th Cir. 2014) 761 F.3d 1005 ..................................... 20

*Balistreri v. Pacifica Police Dept.* (9th Cir. 1990) 901 F.2d 696 ........................... 5

*Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544 ................................................. 5

*Bowling Green v. Martin Land Development Co., Inc.* (6th Cir. 2009) 561
   F3d 556 ....................................................................................................... 13

*Brady v. Brown* (9th Cir. 1995) 51 F.3d 810 ...................................................... 19

*Cahill v. Liberty Mut. Ins. Co.* (9th Cir. 1996) 80 F.3d 336 ................................. 21

*Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.* (9th Cir.
   1990) 911 F.2d 242 ..................................................................................... 21

*Crowley v. Katleman* (1994) 8 Cal.4th 666 .......................................................... 8

*Doo v. Packwood* (1968) 265 Cal.App.2d 752 .................................................... 16

*Four T's, Inc. v. Little Rock Mun. Airport Com'n* (8th Cir. 1997) 108 F.3d
   909 ............................................................................................................... 11

*Franceschi v. Franchise Tax Bd.* (2016) 1 Cal.App.5th 247 ................................. 8

*Gerlinger v. Amazon.com Inc., Borders Group, Inc.* (9th Cir. 2008) 526 F.3d
   1253 .............................................................................................................. 6

*In re High-Tech Employee Antitrust Litig.* (N.D. Cal. 2012) 856 F. Supp. 2d
   1103 .............................................................................................................. 11

*Interface Group, Inc. v. Massachusetts Port Authority* (1st Cir. 1987) 816
   F.2d 9 ........................................................................................................... 13

*Kendall v. Visa U.S.A., Inc.* (9th Cir. 2008) 518 F.3d 1042 ................................. 12

*Lee v. City of Los Angeles* (2001) 250 F.3d 668 ................................................. 5

*McGlinchy v. Shell Chemical Co.* (9th Cir. 1988) 845 F.2d 802 ........................... 12

1  *Montauk-Carribean Airways, Inc. v. Hope* (2d Cir. 1986) 784 F.2d 91 ................ 13

2  *Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888 ........................................ 8

3  *Northwest Airlines, Inc. v  County of Kent* (6th Cir. 1992) 955 F.2d 1054 ............ 11

4  *Pacific Coast Flyers, Inc. v. County of San Diego*, Director's Determination,

5    FAA Docket No. 16-04-08 (July 25, 2005) ........................................................ 10

6  *Penn. Dental Ass'n* (3rd Cir. 1984) 745 F.2d 248 .................................................. 15

7  *Plotnick v. Meihaus* (2012) 208 Cal.App.4th 1590 ................................................ 8

8  *Republican Party of Guam v. Gutierrez* (9th Cir. 2002) 277 F.3d 1086 ................ 15

9  *Ricks v. City of Winona* (N.D. Miss. 2012) 858 F. Supp.2d 682 ........................... 10

10  *Roybal* ................................................................................................................... 17

11  *Roybal v. Univ. Form* (1989) 207 Cal.App.3d 1080 ............................................... 8

12  *Salkhi v. BP West Coast Products, LLC* (9th Cir. 2020) 826 Fed.Appx. 671 ........ 16

13  *Shak v. JPMorgan Chase & Co.* (2nd Cir. 2016) 156 F.Supp.3d 462 ................... 14

14  *Torrey Pines Bank v. Superior Court* (1989) 216 Cal.App.3d 813 ....................... 16

15  *Transamerica Computer Co., Inc. v. International Business Machines Corp.*

16    (9th Cir. 1983) 698 F.2d 1377 ....................................................................... 13

17

18  **Statutes**

19  28 U.S.C.A § 1367(a) ............................................................................................. 19

20  49 U.S.C. § 40103(e) ............................................................................................. 13

21  B&P Code §16600 .................................................................................................. 15

22  Code of Civ. Proc. § 338 ........................................................................................ 17

23  Code of Civ. Proc. §§ 415.40, 415.10, 415.20 ...................................................... 18

24  *Code of Civ. Proc.* §§ 426.10(c), 426.30 ............................................................... 16

25  *Fed. Rule Civ. Pro.* Rule 12(b)(6) ........................................................................... 5

26  *Fed. Rule Civ. Pro.,* Rule 12(b)(5) ....................................................................... 18

27  *Fed. Rule Civ. Pro.*, Rule 12(e) .............................................................................. 5

28

1

*Fed. Rule Civ. Pro.,* Rule 12(f) ................................................................. 6

*Fed. Rule Civ. Pro.,* Rule, 4(h)(1) ........................................................... 18

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Table of Authorities

1

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

This is not an antitrust case.  This is a personal vendetta by Dan Wolfe ("Mr. Wolfe") and Hawthorne Hangar Operations, LP ("HHO") against their former partners, David Wehrly ("Mr. Wehrly") and Levi Stockton ("Mr. Stockton"), and Messrs. Wehrly's and Stockton's on-airport entities, Hawthorne Airport, LLC ("HA, LLC") and Advanced Air, LLC ("AA, LLC") ("Defendants").

This Complaint is plainly vexatious – it is Plaintiffs' third bite at a very rotten apple.  Plaintiffs and their attorney know it.  As will be discussed herein, the Complaint contains: several claims barred by the statute of limitations, res judicata, waiver, and estoppel; and a claim subject to binding arbitration provision.  Thus, it is clear that the Complaint was filed to badger and harass Defendants in what is now an almost four (4) year legal battle. Based on the arguments herein, Defendants respectfully request their dismissal with prejudice.

**II.    FACTUAL BACKGROUND**

The Hawthorne Municipal Airport ("KHHR") located in Hawthorne, California is owned by the City of Hawthorne ("the City").  (Complaint, Exh. 1.)

In January of 2005, the City entered a 45-year ground lease with HA, LLC for Sections 1, 2, 4, 5, 6, 7, 9, and 11 of KHHR ("Master Ground Lease").  (Complaint, Exh. 1.)  The Master Ground Lease further provided for an option to lease Sections 3, 8, and 10, which HA, LLC exercised on October 25, 2007. (*Id*., ¶14.)  Therefore, HA, LLC is the master ground lease holder of almost all non-runway portions of KHHR.

AA, LLC is a tenant at KHHR, and thus has a sublease for a portion of KHHR. (Complaint, ¶¶16, 21.)  More specifically, AA, LLC is the on-airport full service fixed based operator, which also provides fueling services.  (Id*.)* AA, LLC operates the FBO under the d/b/a Jet Center Los Angeles.  (*Id*.)

28

1

MEMORANDUM OF POINTS AND AUTHORITIES

In 2009, Mr. Wolfe and Mr. Wehrly (with other limited partners) entered into a limited partnership agreement for the sole purpose of acquiring 3507 Jack Northrop Ave, Hawthorne, CA 90250 ("the HHO Property"), which is located immediately south of the KHHR property line.  The limited partnership was HHO.  (Complaint, ¶19.)

On November 12, 2009, HHO entered into a Purchase and Sale Agreement ("PSA") with MS Kearny Northrop Avenue, LLC for the purchase of the HHO Property.  (Complaint, ¶21, Exh. 4.)  Mr. Wolfe knowingly agreed to Section 10.4 therein.  (*Id*, ¶22.)

In conjunction with the PSA, HHO entered into the Through the Fence Agreement with the City, which HA, LLC is also a signatory.  (Complaint, Exh. 5.) Under the same, HHO is deemed a through the fence operator, i.e., it operates off-airport grounds but has access to KHHR. (RJN, Exh. A, SOD, pg.3-4 ["The weight of the evidence shows that HHO is not an on-airport tenant."]; Exh. C, FAA Order 5190.6B, (September 30, 2009) *Airport Compliance Manual*, Chp. 12, pg.12-6, ¶12.7.)

In 2014, Mr. Wehrly and the other limited partners began discussions with Mr. Wolfe regarding a partnership buyout.  (Complaint, ¶25.)

In April of 2014, the partnership buyout materialized.  (Complaint, Exh. 6.) In one of the primary buyout documents, the Partnership Interest Purchase Agreement ("PIPA"), the parties agreed to Section 10.4 once more.  (*Id*.)

In 2017, HHO sought and received a fuel concession agreement from the City. (Complaint, Exh. 7.)  Since then, HHO has held itself out as a full service FBO offering fueling and other services to all aircraft – whether those aircraft are transient or based at the HHO facility.

Based on the same, there have ensued two litigations between the Wehrly and Wolfe parties for approximately four (4) years.

/ / /

---

MEMORANDUM OF POINTS AND AUTHORITIES

III.     **PROCEDURAL BACKGROUND**

**A. The LASC Matter.**

On May 26, 2017, HHO filed a Complaint in Los Angeles Superior Court against Defendants MS Kearny Northrop Avenue, LLC, HA, LLC, and AA, LLC ("LASC Matter").

The Complaint contained a single cause of action – Declaratory Relief. The focus of which was a restrictive covenant in the 2009 PSA for the HHO Property, which HHO contended HA, LLC and AA, LLC, third parties to the PSA, could not use against HHO. That restrictive covenant is known as Section 10.4. (Complaint, ¶21.)

On July 18, 2017, MS Kearny Northrop Avenue, LLC was dismissed. Thus, HA, LLC and AA, LLC were the only remaining defendants.

On September 5, 2018, HHO filed a First Amended Complaint ("FAC") adding a Violation of the Cartwright Act (second), Violation of B&P Code § 17200 (third), and Intentional Interference with a Prospective Economic Advantage (fourth) causes of action. (RJN, Exh. D.)

On May 1, 2019, a Settlement Agreement and Release was entered by and between the parties for the second, third, and fourth claims of the FAC. (Decl. K. Stockton, ¶10, Exh. F.) In the settlement agreement, the parties agreed to a dismissal with prejudice and mutual releases, including a Civil Code Section 1542 release. (*Id*.) Thereafter, on May 6, 2019, a Request for Dismissal with prejudice was entered on the second, third, and fourth causes in favor of HA, LLC and AA, LLC. (RJN, Exh. E.)

On October 21, 2019, for six (6) days, the Court held a bench trial on the Declaratory Relief cause of action, which was the sole cause of action remaining.

On January 19, 2021, the Court entered a final judgment with its Statement of Decision on both the FAC and the Cross-Complaint. (RJN, Exh. A-B.)

/ / /

MEMORANDUM OF POINTS AND AUTHORITIES

**B. The Arbitration.**

On June 30, 2017, Mr. Wehrly, on behalf of himself and Levi Stockton, Gregory Geiser, Robert Frerichs, and Darin Puhl ("Wehrly Partners"), filed a Demand for Arbitration ("the Demand") against Mr. Wolfe/HHO ("Arbitration Matter"). (RJN, Exh. F.)  The demand was made pursuant to the binding arbitration provision in the PIPA.  (RJN, Exh. F, ¶5; Complaint, Exh. 6, ¶19.)

The Demand included the following causes: Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, Fraud, Negligent Misrepresentation, Breach of Equitable Servitude, and Declaratory Relief.  (RJN, Exh. F.)  At no point did Mr. Wolfe/HHO file a crossclaim thereto.  (Decl. K. Stockton, ¶12.)

The focus of the Arbitration Matter was the partnership buyout between the Wehrly Partners and Mr. Wolfe/HHO.  (RJN, Exh. F, ¶¶7-33.)  To be more precise, the heart of the dispute was Mr. Wolfe/HHO's misrepresentations and breaches to the Wehrly Partners with respects to Section 10.4, as contained in the PIPA.  (RJN, Exh. F; see also Complaint, ¶32.)

On January 13, 2020, the Arbitration was held before the Hon. Michael Marcus (Ret.) ("the Arbitrator") of ADR Services, Inc.  The Arbitration concluded on January 16, 2020, with closing briefs to follow.

On August 3, 2020, an Interim Award was issued.  (RJN, Exh. G.)  In the award, the Arbitrator found that Mr. Wolfe/HHO breached the PIPA Section 10.4, including the spirit and essence of Section 10.4, and Mr. Wolfe/HHO made negligent misrepresentations about Section 10.4.  (RJN, Exh. G, pg.49.)  Mr. Wehrly (and thus the Wehrly Partners) is declared the prevailing party entitled to recover attorney's fees and costs from Mr. Wolfe/HHO.  (Id.)  The parties have fully briefed the attorney's fees and costs issues and expect a 'final award' any day.  (Decl. K. Stockton, ¶13.)

The Interim Award further states that: Mr. Wolfe and HHO "are bound by and shall conform their future conduct or actions consistent with the terms of covenant

10.4 in section 10.2 of the April 24, 2014 Partnership Interest Purchase Agreement." (RJN, Exh. G, pg.50.)

## IV.   LEGAL STANDARD.

### A. For Rule 12(b)(6) Motions.

A complaint must be dismissed where it "fail[s] to state a claim upon which relief may be granted." (*Fed. Rule Civ. Pro.* Rule 12(b)(6).)  The rationale behind 12(b)(6) motions as a means to expedite dismissal is that "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." (*Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544, 558 (internal citations omitted).)

For a complaint to survive a Rule 12(b)(6) motion, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." (*Bell, supra*, 550 U.S. at 545.)  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." (*Id.* at 555.)

A complaint may be dismissed under Rule 12(b)(6) "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." (*Balistreri v. Pacifica Police Dept.* (9th Cir. 1990) 901 F.2d 696, 699.) Although the court is generally limited to the allegations of the Complaint on a 12(b)(6) motion, the court is permitted to take judicial notice as extrinsic evidence thereto. (*Lee v. City of Los Angeles* (2001) 250 F.3d 668, 688-689.)

### B. For Rule 12(e) Motions.

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." (*Fed. Rule Civ. Pro.*, Rule 12(e).)

/ / /

---

MEMORANDUM OF POINTS AND AUTHORITIES

C. **For Rule 12(f) Motions.**

"The court may strike from any pleading . . . any redundant immaterial, impertinent or scandalous matter." (*Fed. Rule Civ. Pro.,* Rule 12(f).)

V.    **THE FIRST AND SECOND CAUSES FAIL ON THEIR FACE.**

A. **Plaintiffs Have Not Suffered Antitrust Injury.**

"Article III standing requires proof of injury-in-fact, causation, and redressability.  For Article III purposes, an antitrust plaintiff establishes injury-in-fact when he has suffered an injury which bears a causal connection to the alleged antitrust violation." (*Gerlinger v. Amazon.com Inc., Borders Group, Inc.* (9th Cir. 2008) 526 F.3d 1253, 1255.)

Nowhere in the Complaint do Plaintiffs allege any injury-in-fact to competition, which bears some reasonable connection to an antitrust violation. (Complaint, ¶¶39, 45.)  On this basis alone, the motion to dismiss should be granted.

B. **The First And Second Claims Are Time-Barred.**

"Any action to enforce any cause of action under section 15, 15a, or 15c of this title shall be forever barred unless commenced within four years after the cause of action accrued. . .."  (15 U.S.C § 15b.)

With respects to the first cause of action, Plaintiffs seemingly allege that a 2009 and a 2014 contract give rise to a Sherman Act violation under § 1.  (Complaint, ¶18, ln.20-23, ¶¶32, 46-49.)  Nonetheless, Mr. Wolfe had knowledge of the 2009 provision in 2009 and knowledge of the 2014 provision in 2014. (Complaint, ¶¶22, 25.)  If Plaintiffs believed that these contracts or 'agreements' violated the Sherman Act, Plaintiffs were required to bring their claim within four (4) years of 2009 or 2014, which was 2013 and 2018, respectively.

Plaintiffs face the same hurdle for the second cause of action, if the primary basis for the violation is the Master Ground Lease, Plaintiffs' claim is barred because Plaintiffs knew in 2009 that HA, LLC had been granted the KHHR leasehold. (Complaint, ¶¶13, 16, 18, Exh. 5, pg.4 ["HHO acknowledges . . ."].)  So, this claim

would have expired in 2013.  Plaintiffs' Complaint was filed in November of 2020, which is a couple years too late.

Thus, Plaintiffs' first and second claims should be dismissed with prejudice.

## C. The First And Second Claims Are Barred By Res Judicata, Waiver And Estoppel.

The first and second claims are resoundingly familiar.

In 2018, HHO brought claims for Violation of the Cartwright Act and Violation of Business and Professions Code § 17200.  (RJN, Exh. D, ¶¶22-49.) Those claims were brought in the LASC but were ultimately dismissed with prejudice pursuant to a Request for Dismissal and a Settlement Agreement and Release.  (RJN, Exh. E; Decl. K. Stockton, ¶10.)

The thrust of the dismissed claims was: (1) HA and AA, and their owners and officers engaged "in a concerted effort to stop, restrict, prohibit, and prevent HHO from providing fueling services," (RJN, Exh. D, ¶36); (2) HA and AA erected a fence which restricts aircraft access to HHO and its fuel farm, (*Id.* at ¶36); (3) HA and AA have "abused their status of the alleged master tenant," (*Id.* at ¶38); and (4) "HHO has suffered antitrust injury from this conduct . . .these injuries and damages – exclusion from the market of providing the fueling services at a City Airport is unlawful and prohibits and restricts HHO from engaging in competitive survival, thereby harming the competitive process," (*Id.* at ¶39).

These prior allegations are now being made – almost word for word – in this matter.

As stated in the Complaint, Plaintiffs claim: (1) "The defendants have attempted to prevent Plaintiffs from engaging in competing fuel sales at the airport." (Complaint, ¶10, ln.16-17); (2) "The fence materially interferes with Plaintiffs' fueling operations and serves to restrain competition." (*Id.*, ¶31, pg.11, ln.20-23); (3) ". . .Wehrly, HA, AA and Stockton conspired among themselves to monopolize fuel sales at the airport and attempt to exclude Plaintiffs," (*Id.*, ¶28); (4) ". . .Wehrly,

---

MEMORANDUM OF POINTS AND AUTHORITIES

HA, AA, and Stockton Defendants continued in their conspiracy to restrain competition by . . .even erecting a physical barrier intended to obstruct and hinder HHO's fueling operations, all of which were calculated to monopolize fuel sales at the airport. . .," (*Id*., ¶28, pg. 10, ln.4-10).

Blatantly, the revival of the LASC Matter is barred by res judicata, waiver, and estoppel.

A "voluntary dismissal with prejudice constitute[s] a determination on the merits and was res judicata. . .[it] is a bar to a subsequent action on the same cause . . .." (*Roybal v. Univ. Form* (1989) 207 Cal.App.3d 1080, 1085-1087.)

Although the first and second causes are brought under the Sherman Act, the allegations made in support thereof are the same as those alleged under the dismissed claims in the LASC Matter.  Hence, Plaintiffs are seeking relief for the same primary right alleged in the LASC Matter, which Plaintiffs voluntarily dismissed.  (*Crowley v. Katleman* (1994) 8 Cal.4th 666, 681, 682 ["when there is only one primary right an adverse judgment in the first suit is a bar even though the second suit is based on a different theory"]; see *Plotnick v. Meihaus* (2012) 208 Cal.App.4th 1590, 1612.)

If Plaintiffs could bring their Sherman Act claims after dismissing their state claims based on the same set of operative facts, Plaintiffs would be engaged in claim splitting.  (See *Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 903.)  Claim splitting is prohibited in California – something that Mr. Franceschi, Plaintiffs' attorney, should be personally familiar with.  (See *Franceschi v. Franchise Tax Bd.* (2016) 1 Cal.App.5th 247, 264.)

The first and second claims are also barred by the doctrines of waiver and estoppel.  In connection with the LASC Matter, Plaintiffs entered into a settlement agreement releasing AA, LLC and HA, LLC and their officers and owners (among others) from any known or unknown claim relating to the Cartwright Act and B&P Code § 17200 violations.  (Decl. K. Stockton, ¶10, see pg.1-2, Civ. Code § 1542

1  release.)  Thus, Plaintiffs have waived and are estopped from bringing the first and
2  second causes against Defendants.

3    For all the foregoing reasons, Defendants should be dismissed with prejudice.

4  **D. Grant Assurance Claims Should Be Before The Federal**
5    **Aviation Administration.**

6    Plaintiffs make various allegations regarding violation of grant assurances
7  entered by the City through the Airport Improvement Program ("AIP") under the
8  Airport and Airway Improvement Program of 1982 ("AAIA"), codified at 49 U.S.C.
9  § 47107, and violation of the provisions of 49 U.S.C. § 40103(e).  Plaintiffs allege
10  the "master Ground Lease and subsequent options were entered into in violation of
11  49 U.S.C. § 40103(e) and FAA policy which prohibits an airport sponsor (the City)
12  from granting options or preferences on future airport lease sites to a single service
13  provider, which may be construed as intent to grant an exclusive right." (Complaint,
14  ¶15.)  In particular, Plaintiffs allege that "restriction imposed by the City at the
15  behest of Wehrly, Stockton, HA, and AA puts Plaintiff at a competitive disadvantage
16  and discriminates against Plaintiffs in violation of 49 U.S.C. § 40103(e) and Grant
17  Assurances 5, 22, 23, 24 and 25."

18    Plaintiffs further allege that "[t]he master lease options given to HA are also
19  contrary to federal policy as set forth in 49 U.S.C. § 40103(e) because the airport
20  has received grant assurances."  (Complaint, ¶15.)  Plaintiffs therefor ask "[f]or
21  declaratory relief declaring that the City's Ground Lease options for sections 3, 8
22  and 10 given to HA were in violation of 49 U.S.C. § 40103(e) and Grant Assurances
23  5, 22, 23, 24 and 25."  However, any determination as to compliance with grant
24  assurances or enforcement of federal policy as set forth in 49 U.S.C. § 40103(e)
25  depends on a determination by the Federal Aviation Administration ("FAA").

26    As noted by Plaintiffs, "[a] grant assurance is an obligation that an airport
27  sponsor enters into when it accepts FAA administered financial assistance."
28  (Complaint, ¶15.)  As explained by the FAA, "Title 49 U.S.C. § 47101, *et seq*,

MEMORANDUM OF POINTS AND AUTHORITIES

provides for Federal airport financial assistance for the development of public-use airport under the AIP established by the AAIA (Airport and Airway Improvement Act) as amended."   (*Pacific Coast Flyers, Inc. v. County of San Diego*, Director's Determination, FAA Docket No. 16-04-08 (July 25, 2005) ("Pacific Coast Flyers") at 14.)  The FAA further notes that "Section 47107, *et* seq., sets forth grant assurance to which an airport sponsor agrees as a condition of receiving Federal financial assistance [such that u]pon acceptance of an AIP grant, the grant assurance become a binding contractual obligation between the airport sponsor and the Federal government."  (*Id).*

Grant assurances are created by contract between an airport sponsor and the federal government when the sponsor accept an assistance grant from the federal government under the AIP for a project and are accepted "either by contract or by restrictive covenants in property deeds."  (RJN, Exh. I, FAA Order 5190.6B, (September 30, 2009) *Airport Compliance Manual*, ("Compliance Manual") at Chp.1, pg.1-5.)   Grant assurances are "binding contractual federal obligations between the [airport] sponsor and the FAA." (*Id.*, Exh. J, Chp. 4, pg.4-4.)  The FAA Airport Compliance Program is contractually based and is "designed to protect the public interest in civil aviation."  (*Id.,* Exh. I, Chp.1, pg.1-1.)  It is the FAA which "has a statutory mandate to ensure that airport owners comply with these sponsor assurances." (*Pacific Coast Flyers,* p.14.)  The "FAA will make a determination as to whether an airport sponsor is currently in compliance with the applicable Federal obligation." (*Id.)*

While Plaintiffs seek declaratory relief declaring that the Ground Lease is in violation of Grant Assurances 5, 22, 23,24, and 25, as noted in *Ricks v. City of Winona* (N.D. Miss. 2012) 858 F. Supp.2d 682, 688 ("*Ricks*"), "[c]ourts interpreting [Section] 47107 [grant assurances] have uniformly held that airport users have no right to bring an action in federal court claiming a recipient airport's violation of the [Section] 47107 grant assurances until that claim has been raised with the FAA."

In *Ricks*, the court granted summary judgment to the defendant noting "at the outset that [the] claims [we]re not properly before the Court" as the plaintiff showed "no evidence that the FAA pursued any action against Defendants for any alleged FAA violations," and additionally the plaintiff "did not file a formal complaint with the FAA" and "[i]nstead . . .brought the FAA violation claims in this Court under 42 U.S.C. § 1983." (*Id.*, pp.687-688.)  As a result, the court concluded that "[b]ecause this Court is not the proper forum for Plaintiff's claims that Defendants violated FAA's policies and procedures and the AAIA, summary judgment is proper as to these claims." (*Id.* at 688.)  Similarly, other courts have held that there is no private right of action available to enforce grant assurances under the AAIA.  (E.g., *Four T's, Inc. v. Little Rock Mun. Airport Com'n* (8th Cir. 1997) 108 F.3d 909, 915.)  The court further concluded, relying on the ruling by the Sixth Circuit in *Northwest Airlines, Inc. v  County of Kent* (6th Cir. 1992) 955 F.2d 1054, aff'd on other grounds, 510 U.S. 355, 114 S.Ct. 855, 127 L.Ed.2d 183 (1994), that the fact that the written grant assurances, such as the assurance of nondiscrimination are "given to the Secretary of Transportation," is a clear sign that "Congress intended to establish an administrative enforcement scheme" and not a right of action to be brought within the court system.  (*Id.*)  Hence, a dismissal is warranted from this Court.

## VI.  THE FIRST SHERMAN ACT CAUSE OF ACTION FAILS TO STATE A CLAIM, OR REQUIRES A MORE DEFINITE STATEMENT.

### A. The First Cause Fails To Make A Claim For Relief.

"To state a claim under Section 1, a plaintiff must allege that "(1) there was an agreement, conspiracy, or combination between two or more entities; (2) the agreement was an unreasonable restraint of trade under either a per se or rule of reason analysis; and (3) the restraint affected interstate commerce." (*In re High-Tech Employee Antitrust Litig.* (N.D. Cal. 2012) 856 F. Supp. 2d 1103, 1114–15.)

1. There Is No Agreement And No Conspiracy.

The Complaint completely fails to allege "evidentiary facts" which could support a finding of an agreement, conspiracy, or combination thereof - between anyone, let alone entity defendants. (*Kendall v. Visa U.S.A., Inc.* (9th Cir. 2008) 518 F.3d 1042, 1046-1048.)   In other words, the who, what, where, and when are missing.  (*Id.*)  It is strange that Plaintiffs allude to the 2009 PSA and 2014 PIPA because Plaintiffs are parties to those agreements.  (Complaint, Exh. 4 and 6.)

### 2. There Is No Unreasonable Restraint on Trade.

Like the prior element, Plaintiffs do not establish any unreasonable restraint on trade.  Plainly, there is no restraint on trade, i.e., there is no restraint on the trade of fuel or services at KHHR. Section 10.4 does not apply to HA, LLC's leasehold at KHHR, or to any other Airport in the area.  Moreover, it was agreed to by Mr. Wolfe, twice.  Once in 2009 and once in 2014.  (Complaint, Exh. 4 and 6.)

### 3. The Restraint Does Not Affect Interstate Commerce.

A restraint has affected interstate commerce when the restraint has harmed competition, and not just competitors.  (See *McGlinchy v. Shell Chemical Co.* (9th Cir. 1988) 845 F.2d 802, 811-812.)  In other words, it must "actually cause[] injury to competition, beyond the impact on the claimant, within a field of commerce in which the claimant is engaged (i.e., antitrust injury)."  (*Id.*, at p.811.)  Plaintiffs have done nothing more than complain about themselves – there are zero allegations regarding harm to competition.

### 4. There Is No Antitrust Injury.

As stated above, Plaintiffs fail to allege any injury-in-fact arising from antitrust violations.

In conclusion, this claim fails and should be dismissed.

**B. The First Cause Requires A More Definite Statement.**

Under the first cause, Plaintiffs make generic allegations against Defendants by stating "by reason of the recited acts hereinabove. . ."  (Complaint, ¶38.)  The

apparent 'acts' span over ten years.  Thus, it is unclear what 'acts' are being alleged against what Defendant.

## VII. THE SECOND SHERMAN ACT CAUSE OF ACTION FAILS TO STATE A CLAIM, OR REQUIRES A MORE DEFINITE STATEMENT.

### A. The Second Claim Fails Because There Is No Private Right Of Action With Respects To Grant Assurances.

Plaintiffs' plea for a declaratory judgment (Complaint, ¶44) regarding 49 U.S.C. § 40103(e) is misplaced as there simply is no private right of action under 49 U.S.C. § 40103(e) and in enacting the statute there was a Congressional desire for administrative expertise at the enforcement stage, such that an action or determination should be submitted to and decided by the FAA through its normal procedures outlined in Part 16 of Title 14 of the Code of Federal Regulations.  (*See e.g.*, *Bowling Green v. Martin Land Development Co., Inc.* (6th Cir. 2009) 561 F3d 556, 560; *Interface Group, Inc. v. Massachusetts Port Authority* (1st Cir. 1987) 816 F.2d 9; and *Montauk-Carribean Airways, Inc. v. Hope* (2d Cir. 1986) 784 F.2d 91.)

### B. The Second Cause Fails To Make A Claim For Relief.

Under Section 2 of the Sherman Act, it is unlawful to monopolize <u>or</u> attempt to monopolize.

"To establish monopolization, a plaintiff must prove: (1) possession of monopoly power in the relevant market, (2) willful acquisition or maintenance of that power, and (3) causal antitrust injury."  (*Transamerica Computer Co., Inc. v. International Business Machines Corp.* (9th Cir. 1983) 698 F.2d 1377, 1382, *cert. denied*, 464 U.S. 955, 104 S.Ct. 370, 78 L.Ed.2d 329.)

"To establish that a defendant attempted to monopolize, a plaintiff must prove (1) specific intent to control prices or destroy competition with respect to a part of commerce; (2) predatory or anticompetitive conduct directed to accomplishing the

1  unlawful purpose; (3) a dangerous probability of successors; and (4) causal "antitrust

2  injury." (*Id*.)

3            1.  <u>There Is No Monopolization Alleged.</u>

4        Plaintiffs appear to focus on two issues with respects to this claim – fueling

5  and services.

6        First and foremost, Plaintiff HHO is permitted to fuel aircraft owned or

7  directly managed by it, or aircraft that have a thirty (30) day written lease for the

8  hangar. (Complaint, ¶21, Sec. 10.4.)   Thus, it is unclear how there is a

9  'monopolization' over fuel.

10        Secondly, how is a master lease to HA, LLC an *ipso facto* monopolization of

11  fuel?   A master ground lease does not inherently deny access to an aeronautical

12  service provider, such as a fuel provider.  (See RJN, Exh. H, FAA Order 5190.6B,

13  (September 30, 2009) *Airport Compliance Manual*, Chp. 8, pg.8-6 ["the FAA does

14  not consider the presence of only one provider engaged in an aeronautical activity

15  as a violation of the exclusive right prohibition."; pg.8-10 ["The fact that a single

16  business or enterprise may provide most or all of the on-airport aeronautical services

17  is not, in itself, evidence of an exclusive rights violation."].)

18        In addition, the Complaint simply fails to make the requisite allegations for a

19  §2 Sherman Act claim because: (1) Plaintiffs fail to establish how Defendants

20  possess monopolistic power, or what that monopolistic power is over (e.g., Fuel?

21  FBOs? Real Property leases?), (2) Plaintiffs fail to define the relevant market; and

22  (3) Plaintiffs fail to allege how each Defendant made a willful acquisition or

23  maintenance of power.  (See *Shak v. JPMorgan Chase & Co.* (2nd Cir. 2016) 156

24  F.Supp.3d 462, 486-487.)

25        In short, this claim fails against the Defendants.

26           2.  <u>There Is No Attempt At Monopolization Alleged.</u>

27        Here, there are no facts alleging that Defendants had a specific intent to

28  attempt a monopolization (or any other element regarding an attempted

monopolization).  (Complaint, ¶43.) Even if the Master Ground Lease 'might be' "construed as an intent to grant an exclusive right," (*Id.*, ¶15), "a mere intention to prevail over rivals or improve market position is insufficient.  Even an intent to perform acts that can be objectively viewed as tending toward the acquisition of monopoly power is insufficient, unless it also appears that the acts were not predominately motivated by a legitimate business aims." (*Penn. Dental Ass'n* (3rd Cir. 1984) 745 F.2d 248, 260-261.)

3.  <u>There Is No Antitrust Injury.</u>

As stated above, Plaintiffs fail to allege any injury-in-fact arising from antitrust violations.

**C. The Second Cause Requires A More Definite Statement.**

Again, the general allegations pertain to events from 2009-2019.  (Complaint, ¶43.)  Thus, it is unclear what 'acts' are being alleged against what Defendant.

**VIII.  <u>THE THIRD CAUSE OF ACTION FOR DECLARATORY RELIEF IS FRIVOLOUS.</u>**

**A. B&P Code § 16600 Does Not Arise Under Federal Law.  The Court Has No Jurisdiction Over This Claim.**

B&P Code is a state code, not a federal code.  Thus, B&P Code § 16600 does not arise under federal law, and this Court lacks jurisdiction over this claim. (*Republican Party of Guam v. Gutierrez* (9th Cir. 2002) 277 F.3d 1086, 1088-1090.)

**B. B&P Code § 16600 Does Not Apply To Partnership Disassociations.**

Plaintiffs are asking this Court to invalidate Section 10.4 within the PIPA "by operation" of B&P Code §16600. (Complaint, ¶48.)  This Court cannot do so since § 16600 does not apply to the disassociation of partners.  (B&P Code § 16602.)

In 2014, Mr. Wolfe bought the partnership interests of Messrs. Wehrly and Stockton through the PIPA (and other related documents).  (Complaint, ¶25; Exh. 6; see RJN, Exh. G, pg.32 ["It is undisputed that the April 24, 2014 sale by Wehrly and

his partners of their interests in HHO to Wolfe was a contract"].)  Thereafter, Messrs. Wehrly and Stockton were disassociated from the HHO partnership.

Hence, this claim will forever fail which warrants a dismissal with prejudice.

### C. B&P Code § 16600 Does Not Apply To Land Use.

Section 10.4 is focused on the use of the land owned by HHO.  (See Complaint, ¶18, ln.11-19; Exh. 6, pg.6, ¶10.2.)  However, B&P Code § 16600 does not apply to land use.  (*Salkhi v. BP West Coast Products, LLC* (9th Cir. 2020) 826 Fed.Appx. 671, 672-673; see also *Doo v. Packwood* (1968) 265 Cal.App.2d 752, 755-756.)  Thus, this claim further fails on these grounds.

### D. This Claim Is Improper Against Wehrly And Stockton.

Messrs. Wehrly and Stockton seek to challenge the venue for this claim, as the contract serving as the basis of this claim has a mandatory binding arbitration clause.  (Complaint, Exh. 6, pg.10, ¶19 ["[A]ny controversy between the Parties arising out of this PPA shall be submitted to binding arbitration."].)  Thus, Messrs. Wehrly and Stockton shall petition this Court to compel arbitration.

If Messrs. Wehrly and Stockton's petition to arbitrate is not granted, this claim is barred by res judicata, waiver, and estoppel.  (*Torrey Pines Bank v. Superior Court* (1989) 216 Cal.App.3d 813, 821; *Code of Civ. Proc.* §§ 426.10(c), 426.30.)  Presently, there is an existing arbitration between the parties – the Arbitration Matter.  It is within this arbitration that Plaintiffs were required to assert this claim, as a compulsory crossclaim, because the heart of the Arbitration Matter was the PIPA.  (See *Align Technology, Inc. v. Tran* (2009) 179 Cal.App.4th 949, 965.)  Mr. Wolfe/HHO failed to bring any such claim in the Arbitration Matter.  (Decl. K. Stockton, ¶12.)  Thus, this claim is now barred.

### E. This Claim Is Improper Against HA, LLC And AA, LLC.

Plaintiffs assert this claim against HA, LLC and AA, LLC, but they are not signatories to the PIPA.  (Complaint, Exh. 6, pg.1.)  Thus, Plaintiffs provide no basis for naming HA, LLC and AA, LLC herein.

MEMORANDUM OF POINTS AND AUTHORITIES

1
2

## IX.    THE FOURTH CAUSE OF ACTION FOR NUISANCE IS BARRED BY THE STATUE OF LIMITATIONS AND OTHER PRINCIPLES.

3
4

### A. This Claim Is Barred By a Three-Year The Statute Of Limitations.

5
6
7
8
9
10
11

A claim for nuisance is governed by a three-year statute of limitations. (Code of Civ. Proc. § 338.) In the Complaint, Plaintiffs allege that the at-issue fence was erected "following the grant of the FCA" to HHO (Complaint, ¶28, pg.10, ln.4, 7-8), and thus around April of 2017 (*Id*, ¶28, pg.9, ln.24-26).  Therefore, at the time the Complaint was filed in this matter, November of 2020, the permanent fence had been erected for approximately 3.5 years. (*Id.*; see also RJN, Exh. D, ¶36(2).)  This renders this claim time barred on its face, which warrants a dismissal with prejudice.

12
13

### B. This Claim Is Legally Barred Because Of The Prior Dismissal And A Signed Settlement Agreement And Release.

14
15

This claim is barred for the same reasons the first and second claims are barred – res judicata, waiver, and estoppel.

16
17
18
19
20
21
22
23

As previously discussed, the allegations regarding the fence were made in the LASC Matter.  (RJN, Exh. D, ¶36(2).)  Nonetheless, those claims were dismissed pursuant to a Request for Dismissal and a Settlement Agreement and Release. (RJN, Exh. E; Decl. K. Stockton, ¶10, pg.1-2, Civ. Code § 1542 release.)  Res judicata, waiver and estoppel prevent the Plaintiffs from now alleging that the same fence discussed in the LASC Matter constitutes a nuisance.  (See Complaint, ¶31; *Roybal, supra,* at pp.1085-1087.)    Hence, this entire claim should be dismissed with prejudice.

24

### C. Regardless, There Is No Nuisance.

25
26
27

In essence, Plaintiffs are complaining about the fence because (1) HHO's fuel farm is not visible to transient aircraft taxing on KHHR, (2) it presents an obstacle to HHO fueling large aircraft, and (3) it was erected without the permission of the

28

City.   (Complaint, ¶¶31, 52.)   These arguments are unpersuasive based on the following:

One, Mr. Wolfe/HHO are not permitted to fuel transient aircraft.  (RJN, Exh. G, pg.50, 34, ln.19-22, pg.37, ln.13-20, pg.47, ln.4.)  Thus, it is irrelevant whether a transient aircraft can see the fuel farm.

Two, Mr. Wolfe/HHO are not permitted to fuel aircraft next to the property line fence.   HHO is only permitted to fuel aircraft on HHO's fee simple tarmac, which is southwest of the property line fence.  (Complaint, Exh. 7, pg.2, ¶¶1.01, 2.01, pg.17 [see map]).)  Or conversely, the property line fence is northeast of the fee simple tarmac.  (*Id*.)  Therefore, the fence cannot be an obstruction to HHO's fueling – because it is not immediately located next to the fee simple tarmac.

Three, HA, LLC received permission from the City of Hawthorne to erect the permanent fence.  (Complaint, ¶31; but see Decl. K. Stockton, ¶11.)

In sum, there is no nuisance with respects to the fence.  For these additional reasons, this cause of action should be dismissed with prejudice.

## X.   THE COURT LACKS PERSONAL JURISDICTION OVER PARTICULAR PARTIES AND SUBJECT MATTER JURISDICTION OVER THE STATE CLAIMS.

### A. Service Of Process Was Defective On HA, LLC And AA, LLC.

On December 31, 2020, initial documents were Fed'Exed to HA, LLC's and AA, LLC's shared registered agent for service of process.  (Decl. K. Stockton, ¶6.)  However, the documents Fed'Exed, which included a Summons/Complaint to HA, LLC and to AA, LLC, were never served on HA, LLC nor AA, LLC by any other means.  (Decl. K. Stockton, ¶7.)  Under F.R.C.P., Rule 4(h)(1) and Code of Civ. Proc. §§ 415.40, 415.10, 415.20, this renders service ineffective for HA, LLC and AA, LLC.  (See *Fed. Rule Civ. Pro.,* Rule, 4(h)(1), Rule 12(b)(5).)

/ / /

**B. The Court Lacks Subject Matter Jurisdiction Over The State Claims Because Supplemental Jurisdiction Is Not Proper.**

Plaintiffs are asking this Court to extend supplemental jurisdiction over two state claims – the third cause for Declaratory Relief and the fourth cause for Nuisance.  This Court should decline to do so, because:

The alleged Sherman Act violations are not part of the same nucleus of facts as the state claims, which are regarding a partnership buyout and disassociation and a property line fence.  (See 28 U.S.C.A § 1367(a).)  In addition, the first and second claims should be dismissed as discussed herein, which would remove any federal question from this matter.  (See *Brady v. Brown* (9th Cir. 1995) 51 F.3d 810, 816.)  Hence, the Court should decline to extend supplemental jurisdiction.

**XI.  PURSUANT TO RULE 12(f), THE FOLLOWING SHOULD BE STRICKEN FROM THE COMPLAINT.**

**A. Under The General Allegations.**

Defendants move to strike the following statements as being redundant, immaterial, impertinent or scandalous:

- "The TTF permitted all aircraft visiting the airport to access the HHO property and contemplated fuel being sold when the fuel farm became operational, which would require a significant investment of capital by the HHO partners," – because it is irrelevant and an improper attempt at contract interpretation. (Complaint, ¶24.)

- "whereby Wolfe simply acknowledges that 10.4 was part of the Northrop PSA," – because it is irrelevant and scandalous since an Arbitrator has determined otherwise.  (Complaint, ¶25; RJN, Exh. G pg.37, ln.13-20 ["Nor is there language in the agreement that 10.4 was inserted merely to acknowledge that it had been a term in the 2009 Northrop transaction . . ."].)

- "Undeterred, HA and AA filed an action for trespass, encroachment, breach of contract, equitable servitude, and declaratory relief against Plaintiffs on April 4, 2017 as part of the "Push Back" campaign against Plaintiffs for competing with HA in selling fuel at the airport. This frivolous lawsuit was voluntarily dismissed by HA one month later on May 10, 2017 without any payment or other consideration being provided to HA or AA," – because it is irrelevant and factually not correct (HA does not sell fuel and no encroachment). (Complaint, ¶30.)

- "The City denied permission for the fence and told Stockton not to build it. However, Stockton did so anyway and," – because it is false. (Complaint, ¶31; Decl. K. Stockton, ¶ 11.)

Defendants respectfully request that the Court strike the aforementioned.

**B. Under The Second Cause Of Action.**

Defendants move to strike the following statements as being redundant, immaterial, impertinent, or scandalous:

- "Plaintiffs are therefore entitled to declaratory . . .relief," – because it should be set forth separately, and not in a passing reference. (Complaint, ¶44, ln.11.) (See *Arizona v. City of Tucson* (9th Cir. 2014) 761 F.3d 1005, 1010.)

Defendants respectfully request that the Court strike the aforementioned.

**C. Under The Third Cause Of Action.**

Defendants move to strike the following in the event the entire claim is not dismissed, but Messrs. Wehrly's and Stockton's Petition to Arbitration is granted:

- David Wehrly and Levi Stockton as Defendants under this claim since Plaintiffs are required to bring any claim arising under the PIPA against Messrs. Wehrly and Stockton within a binding arbitration. (Complaint, pg. 17, ln.4-5.)

Defendants respectfully request that the Court strike the aforementioned.

**D. Under The Fourth Cause Of Action.**

Defendants move to strike the following statements as being redundant, immaterial, impertinent, or scandalous:

- "and was built without permits and/or permission from the City," – because it is false.  (Complaint, ¶52; Decl. K. Stockton, ¶ 11.)

Defendants respectfully request that the Court strike the aforementioned.

## XII.   <u>LEAVE TO AMEND SHOULD BE DENIED.</u>

For a myriad of reasons, Plaintiffs are unable to remedy the inadequacies of this Complaint.  A court need not permit an amendment to a complaint challenged by a 12(b)(6) motion if "it determines that the pleading could not possibly be cured by the allegation of other facts." (*Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.* (9th Cir. 1990) 911 F.2d 242, 247; *Cahill v. Liberty Mut. Ins. Co.* (9th Cir. 1996) 80 F.3d 336, 339 [upholding district court's decision to deny leave to amend where "leave to amend in this case would have been futile"].)  Based on the same, Defendants request that leave to amend be denied.

/ / /

/ /

MEMORANDUM OF POINTS AND AUTHORITIES

# XIII. __CONCLUSION__

In conclusion, as set forth above, Defendants respectfully request their dismissal with prejudice from the entire the Complaint. Alternatively, or in conjunction with the Motion to Dismiss, Defendants request that their Motion for a More Definite Statement and Motion to Strike be granted.


DATED: January 21, 2021

**YOFFE & COOPER, LLP**
MICHAEL B. COOPER
KIRSTEN STOCKTON


By: _____

_____

Attorneys for Defendants Hawthorne Airport, LLC, Advanced Air, LLC, David Wehrly, and Levi Stockton