STEPHEN D. LEE (BAR NO. 270821)
slee@rwglaw.com
RICHARDS, WATSON & GERSHON
 A Professional Corporation
350 South Grand Avenue, 37th Floor
Los Angeles, California 90071
Telephone: 213.626.8484
Facsimile: 213.626.0078

Attorneys for Defendant
CITY OF HAWTHORNE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAWTHORNE HANGAR OPERATIONS, L.P. a California limited partnership; DAN WOLFE an individual,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>HAWTHORNE AIRPORT, LLC., a Delaware limited liability company; ADVANCED AIR, LLC., A California limited liability company; DAVID WEHRLY, an individual; LEVI STOCKTON, an individual, THE CITY OF HAWTHORNE, a municipal corporation,<br><br>　　　　　Defendants. | Case No. 2:20-cv-10744-PA-AS<br><br>**CITY OF HAWTHORNE'S MOTION TO DISMISS THE CITY OF HAWTHORNE FROM THE COMPLAINT**<br><br>Date:　March 8, 2021<br>Time:　1:30 PM<br>Dept:　9A<br><br>Judge: The Hon. Percy Anderson |

# NOTICE OF MOTION

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, on March 8, 2021 at 1:30 p.m. or as soon thereafter as the matter may be heard, before the Honorable Percy Anderson in Courtroom 9A of the United States District Court, Central District of California, located at 350 West 1st Street, Los Angeles, CA, 90012, Defendant City of Hawthorne (the "City"), will and hereby does move to dismiss the second claim for relief against the City -- the only cause of action alleged against the City -- in the Complaint for (1) VIOLATION OF 15 USC § 1, conspiracy to restrain interstate commerce; (2) VIOLATION OF 15 USC § 2, unlawful attempt to monopolize interstate commerce; (3) DECLARATORY RELIEF THAT RESTRICTIVE COVENANTS ARE VOID PURSUANT TO CALIFORNIA Business & Professions Code §16600; and (4) NUISANCE ABATEMENT California Code of Civil Procedure section 731 ("the Complaint") filed by Plaintiffs Hawthorne Hangar Operations, L.P. a California limited partnership and Dan Wolfe (collectively "Plaintiffs"), pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(6).

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on January 26, 2021. On that date, counsel for the City e-mailed Plaintiffs' counsel attempting to schedule a meet and confer with Plaintiffs' counsel on the City's potential motion to dismiss. After coordinating with Plaintiffs' counsel, the parties conducted a telephonic conference of counsel the afternoon of January 26, 2021, during which the substance of the City's contemplated motion and possible resolutions were thoroughly discussed. Despite the parties' conference of counsel, the parties were unable to reach a resolution that eliminates the necessity of a hearing on the City's motion. See, Declaration of Stephen D. Lee, filed concurrently.

///

The Complaint (Document #1) fails to state a claim upon which relief can be granted against the City and the second claim for relief for violation of 15 U.S.C. § 2 against the City should be dismissed for the following reasons:

1. The second claim for relief brought under 15 U.S.C. § 2 fails to comply with the statute of limitations in 15 U.S.C. § 15(b) and is time-barred; and

2. The second claim for relief brought under 15 U.S.C. § 2 fails to state a claim upon which relief can be granted.

This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Stephen D. Lee filed concurrently, the pleadings and papers on file with the Court, and such further argument or evidence as may be presented to this Court.

Dated: February 5, 2021

RICHARDS, WATSON & GERSHON
A Professional Corporation
STEPHEN D. LEE

By:    /S/ Stephen D. Lee
STEPHEN D. LEE
Attorneys for Defendant
CITY OF HAWTHORNE

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 6

I. INTRODUCTION AND SUMMARY OF ARGUMENT ............................. 6

II. STATEMENT OF FACTS ............................................................................ 7

III. LEGAL STANDARD .................................................................................... 8

IV. CONFERENCE OF COUNSEL PURSUANT TO LOCAL RULE 7-3 ................................................................................................................. 9

V. ARGUMENTS ............................................................................................. 10

    A. The Second Cause of Action Is Barred by the Statute of Limitations ........................................................................................ 10

    B. The Second Cause of Action Has Not Alleged and Cannot Allege a Claim Upon Which Relief Can Be Granted Against the City ............................................................................... 11

    C. The Second Cause of Action Against the City Should Be Dismissed Without Leave to Amend ............................................... 12

VI. CONCLUSION ............................................................................................ 13

# TABLE OF AUTHORITIES

PAGE

**Cases**

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ............................................................................... 8

*Balistreri v. Pacifica Police Dep't,*
   901 F.2d 696 (9th Cir. 1990) ................................................................. 9

*Cascade Health Sols. v. PeaceHealth,*
   515 F.3d 883 (9th Cir. 2008) ............................................................... 11

*Cervantes v. Countrywide Home Loans, Inc.,.*
   656 F.3d 1034 (9th Cir. 2011) ............................................................. 12

*eCash Techs. Inc. v. Guagliardo,*
   127 F.Supp.2d 1069 (C.D. Cal. 2000) .................................................. 9

*Fenerjian v. Nongshim Co., Ltd,*
   72 F. Supp. 3d 1058 (N.D. Cal. 2014) ................................................ 10

*Kingston v. FCA US LLC*, 2020 WL 2845282, at *3
   (C.D. Cal. Mar. 25, 2020) ................................................................... 12

*Oceanic California, Inc. v. City of San Jose,*
   497 F.Supp. 962 n.8 (N.D.Cal. 1980) ................................................... 9

S*amsung Elecs. Co. v. Panasonic Corp.*,
   747 F.3d 1199 (9th Cir. 2014) ....................................................... 10, 11

*Spectrum Sports, Inc. v. McQuillan,*
   506 U.S. 447 (1993) ............................................................................ 12

*United States v, Ritchie*,
   342 F.3d 903 (9th Cir. 2003) ................................................................. 9

**Statutes**

15 U.S.C. § 2 .................................................................... 6, 7, 8, 10, 11, 12, 13

15 U.S.C. §§ 1-38 ............................................................................... 6, 10

U.S.C. § 15 ..................................................................................... 10, 11, 12

U.S.C. § 15a .............................................................................................. 10

15 U.S.C. § 15b ......................................................................................... 10

U.S.C. § 15c .............................................................................................. 10

FRCP Rule 12(b)(6) ............................................................................... 8, 9

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Defendant City of Hawthorne (the "City") has been thrust in the middle of a dispute between former business partners -- Plaintiffs Hawthorne Hangar Operations, L.P. ("HHO") and Dan Wolfe (collectively "Plaintiffs") and Defendants Hawthorne Airport, LLC ("HA"); Advanced Air, LLC ("AA"); David Wehrly; and Levi Stockton (collectively, the "Airport Defendants"). The crux of this litigation lies between Plaintiffs and the Airport Defendants, and based on the arguments and authorities below, the City should be dismissed from this lawsuit.

Plaintiffs have not alleged and cannot allege a valid claim under 15 U.S.C. § 2 against the City because Plaintiffs' claim is time-barred by the statute of limitations. Claims for violation of the Sherman Act (15 U.S.C. §§ 1-38) are subject to a four-year statute of limitations. The Complaint, however, was not brought within four years of November 16, 2009 -- the date when Plaintiffs executed a Through-The-Fence-Agreement confirming that Plaintiffs knew about the 2005 Master Ground Lease and Defendant HA's 2007 lease options that are being challenged in Plaintiffs 15 U.S.C. § 2 claim against the City. Thus, Plaintiffs' sole claim against the City is time-barred by the statute of limitations, and the City's motion should be granted on this basis, alone.

Plaintiffs also have not alleged and cannot allege a valid 15 U.S.C. § 2 claim against the City because the City's alleged conduct does not meet the elements for an attempted monopolization violation. First, the City has not engaged in predatory or anticompetitive conduct, and there is no allegation in the Complaint supporting this element against the City. Instead, the Complaint confirms that the City granted Plaintiffs' application for a fuel concession agreement and agreed to a Through-The-Fence-Agreement, which further Plaintiffs' sale of fuel in competition with the Airport Defendants' sale of fuel. Second, the Complaint does not allege that the City had a specific intent to monopolize anything. Third, the Complaint does not allege

that there is a dangerous probability of achieving monopoly power. Indeed, the allegations in the Complaint confirm that both Plaintiffs and Defendants HA and AA sell fuel to aircraft using the airport. Consequently, there is no dangerous probability of achieving monopoly power, and Plaintiffs have not alleged and cannot allege the elements for a 15 U.S.C. § 2 claim against the City.

Based on the foregoing and as more fully demonstrated below, the City respectfully requests that the Court grant the City's motion to dismiss the second claim for relief against the City and dismiss the City from the Complaint.

## II. STATEMENT OF FACTS

The Hawthorne Municipal Airport ("the airport") is located in the City, is owned by the City, and is a general aviation public use airport. Complaint ¶ 12. The airport is subdivided into eleven separate sections numbered one through eleven. *Id.* ¶ 14.

In January 2005, the City entered into a master ground lease agreement with Defendant HA for sections 1, 2, 4, 5-7, 9, and 11 of the airport (the "Master Ground Lease"). Complaint ¶ 14. The Master Ground Lease also provided HA with the option to lease sections 3, 8, and 10 of the airport. *Id.* On October 25, 2007, HA exercised the option to lease sections 3, 8, and 10 of the airport. *Id.* Consequently, HA is the lessee of almost all non-runway portions of the airport. *Id.*

Defendants HA and AA operate as a fixed base operator at the airport, including a terminal, offices, a restaurant, on demand charter services, and fuel-dispensing facilities. Complaint ¶ 16. Defendants Wehrly and Stockton own and control HA and AA. *Id.*

In August 2009, Plaintiff HHO was formed as a partnership between Plaintiff Wolfe and Defendant Wehrly to purchase the former headquarters of Northrop Corporation, which is immediately adjacent to the airport but not on the airport. Complaint ¶¶ 17-19. The Northrop parcel included a large hangar and two existing 15,000-gallon underground fuel tanks that were previously used by Northrop to fuel

its aircraft. *Id.* ¶ 18. Plaintiff HHO purchased the Northrop parcel from MS Kearny Northrop Avenue LLC ("MS Kearny) for $3.3 million on November 16, 2009. *Id.* ¶¶ 19, 24. At that time, a Through-The-Fence Agreement between Plaintiff HHO and the City became effective, permitting aircraft visiting the airport to access Plaintiff HHO's property. *Id.* ¶ 24. The Through-The-Fence Agreement allows "[Plaintiff HHO] to function as if it actually is on the airport." *Id.* ¶ 17.

In 2014, Plaintiff Wolfe bought out Defendant Wehrly's interest in Plaintiff HHO. Complaint ¶ 24. In 2016, Plaintiff HHO applied for a fuel concession agreement with the City, which the City granted.[1] *Id.* ¶ 27. In combination with the Through-The-Fence Agreement, Plaintiffs provide fuel to aircraft using the airport. *Id.* ¶ 33. Thus, both Plaintiffs and Defendants HA and AA sell fuel to aircraft using the airport. *Id.*

Plaintiffs allege a single cause of action against the City: that the 2005 Master Ground Lease and the 2007 options exercised by Defendant HA to lease sections 3, 8, and 10 violate 15 U.S.C. § 2 as an unlawful attempt to monopolize fuel sales and airport services. (Complaint ¶¶ 41-45.

### III.   LEGAL STANDARD

Under Federal Rules of Civil Procedure, Rule 12(b)(6), a court may dismiss a claim for relief if it fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("*Iqbal*"). The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under Rule 12(b)(6)dismissal "can be based on the lack of a cognizable legal theory or the

---

[1] Plaintiffs and Defendants HA, AA, Wehrly, and Stockton have engaged in prior disputes over whether and how Plaintiffs could sell fuel to aircraft using the airport. Complaint ¶¶ 18, 20-23, 25, 27, 30, 32-33.

absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In deciding a Rule 12(b)(6) motion to dismiss, the inquiry is confined to the allegations of the complaint, material properly submitted with the complaint, and matters that are proper subjects of judicial notice. *United States v, Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "[A] court may consider documents which are not physically attached to the complaint but 'whose contents are alleged in [the] complaint and whose authenticity no party questions.'" *eCash Techs. Inc. v. Guagliardo,* 127 F.Supp.2d 1069, 1074 (C.D. Cal. 2000) (citations omitted).

Finally, "averments of the complaint which are contrary to the matters judicially noticed may be disregarded on a motion to dismiss without transforming the motion into one for summary judgment." *Oceanic California, Inc. v. City of San Jose*, 497 F.Supp. 962, 967 n.8 (N.D.Cal. 1980). Matters of public record may be considered, including records of administrative bodies. *Oceanic California, Inc.*, 497 F. Supp. at 967 n.8.

## IV. CONFERENCE OF COUNSEL PURSUANT TO LOCAL RULE 7-3

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on January 26, 2021. Lee Dec. at ¶ 2. On that date, counsel for the City e-mailed Plaintiffs' counsel attempting to schedule a meet and confer with Plaintiffs' counsel on the City's potential motion to dismiss. *Id.* After coordinating with Plaintiffs' counsel, the parties conducted a telephonic conference of counsel the afternoon of January 26, 2021, during which the substance of the City's contemplated motion and possible resolutions were thoroughly discussed. *Id.* at ¶ 3. Despite the parties' conference of counsel, the parties were unable to reach a resolution that eliminates the necessity of a hearing on the City's motion. *Id.* at ¶ 4.

///
///
///

## V. ARGUMENTS

### A. The Second Cause of Action Is Barred by the Statute of Limitations.

Plaintiffs have not alleged and cannot allege a valid claim under 15 U.S.C. § 2 against the City because Plaintiffs' claim is time-barred by the statute of limitations.

Claims for violation of the Sherman Act (15 U.S.C. §§ 1-38) are subject to a four-year statute of limitations: "The governing statute, 15 U.S.C. § 15b, sets a four year statute of limitations on private antitrust actions." S*amsung Elecs. Co. v. Panasonic Corp.*, 747 F.3d 1199, 1202 (9th Cir. 2014); see *Fenerjian v. Nongshim Co., Ltd*, 72 F. Supp. 3d 1058, 1076 (N.D. Cal. 2014) ("The Sherman Act has a four-year statute of limitations"). "Any action to enforce any cause of action under section 15, 15a, or 15c of this title shall be forever barred unless commenced within four years after the cause of action accrued." 15 U.S.C. § 15b.

Plaintiffs' claim against the City for violation of 15 U.S.C. § 2 is time-barred by the four-year statute of limitations for Sherman Act antitrust claims. Plaintiffs allege that the 2005 Master Ground Lease between the City and Defendant HA and the 2007 options exercised by Defendant HA to lease sections 3, 8, and 10 of the airport violate 15 U.S.C. § 2. Complaint ¶ 44. Section 4 of the November 16, 2009 Through-The-Fence-Agreement between the City and Plaintiff HHO confirms that Plaintiffs knew about the 2005 Master Ground Lease and Defendant HA's lease of sections of the airport, including the 2007 options, which by the date of the Through-The-Fence Agreement already had been exercised by Defendant HA:

> "HHO acknowledges, agrees, and understands that the City has leased portions of the Airport to Hawthorne Airport, LLC a Delaware limited liability company ("Ground Lessee") pursuant to the certain Ground Lease dated as of January 3, 2005 by and between City and Ground Lessee . . . ."

Complaint, Exhibit 5 (Page 5 of 23). Plaintiffs should have alleged a 15 U.S.C. § 2 claim within four years of November 16, 2009, but this lawsuit was not filed until November 24, 2020. Thus, Plaintiffs' 15 U.S.C. § 2 claim against the City is time-barred.

-10-
CITY OF HAWTHORNE'S MOTION TO DISMISS

10325-0053\2499090v1.doc

Based on the conference of counsel, it is anticipated that Plaintiffs will argue that the statute of limitations has not been violated under a "continuing violation" theory. That exception to the statute of limitations does not apply because the City has not completed an overt act during the limitations period.

"To state a continuing violation of the antitrust laws in the Ninth Circuit, a plaintiff must allege that a defendant completed an overt act during the limitations period that meets two criteria: '1) It must be a new and independent act that is not merely a reaffirmation of a previous act; and 2) it must inflict new and accumulating injury on the plaintiff.'" *Samsung Elecs. Co. v. Panasonic Corp.*, 747 F.3d 1199, 1202 (9th Cir. 2014) quoting *Pace Industries, Inc. v. Three Phoenix Co.*, 813 F.2d 234, 238 (9th Cir.1987).

Plaintiffs have not alleged facts establishing a continuing violation of 15 U.S.C. § 2 on the part of the City. Specifically, Plaintiffs have not alleged that there is a new and independent act by the City within the limitations period. In addition, Plaintiffs have not alleged facts showing that a new and independent overt act by the City inflicted new and accumulating injuries to Plaintiffs. Instead, the crux of Plaintiffs' claim is focused on the 2005 Master Ground Lease and Defendant HA's 2007 lease options. Accordingly, a continuing violation theory does not cure the statute of limitations defect in Plaintiffs' claim against the City.

**B.    The Second Cause of Action Has Not Alleged and Cannot Allege a Claim Upon Which Relief Can Be Granted Against the City.**

Plaintiffs have not alleged and cannot allege a valid 15 U.S.C. § 2 claim against the City because the City's conduct does not meet the elements for an attempted monopolization violation.

"[T]o demonstrate attempted monopolization a plaintiff must prove (1) that the defendant has engaged in predatory or anticompetitive conduct with (2) a specific intent to monopolize and (3) a dangerous probability of achieving monopoly power." *Cascade Health Sols. v. PeaceHealth*, 515 F.3d 883, 893 (9th Cir. 2008) quoting

*Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 456 (1993).

Here, Plaintiffs have not alleged and cannot allege the elements for an attempted monopolization claim against the City. First, the City has not engaged in predatory or anticompetitive conduct, and there is no allegation in the Complaint supporting this element against the City. Instead, the Complaint confirms that the City granted Plaintiffs' application for a fuel concession agreement. Complaint ¶ 27. In addition, the City also agreed to a Through-The-Fence-Agreement with Plaintiff HHO, and the foregoing measures further Plaintiffs' sale of fuel in competition with the Airport Defendants' sale of fuel. Second, the Complaint does not allege that the City had a specific intent to monopolize anything. Third, the Complaint does not allege that there is a dangerous probability of achieving monopoly power. Significantly, the allegations in the Complaint confirm that there is no such dangerous probability because both Plaintiffs and Defendants HA and AA sell fuel to aircraft using the airport. *Id.* ¶ 33.

Based on the foregoing, the Complaint has not alleged and cannot allege a valid attempted monopolization claim against the City.

**C.    The Second Cause of Action Against the City Should Be Dismissed Without Leave to Amend.**

The foregoing defects are fatal to Plaintiffs' 15 U.S.C. § 2 claim against the City and cannot be cured by any amendment. "[A] district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). Here, Plaintiffs cannot remedy the statute of limitations defect in their claim against the City. Plaintiffs also cannot allege a valid 15 U.S.C. § 2 claim against the City in light of the allegations in the Complaint, which preclude Plaintiffs from pleading the necessary elements for such a claim against the City. See *Kingston v. FCA US LLC*, 2020 WL 2845282, at *3 (C.D. Cal. Mar. 25, 2020) ("[T]he Court is not required to accept as true

1  allegations in an amended complaint that contradict an earlier complaint without
2  explanation"). Put simply, an amended complaint cannot ignore the allegations
3  raised in the Complaint that preclude Plaintiffs from alleging a valid claim against
4  the City. Thus, the Court should dismiss the 15 U.S.C. § 2 claim against the City and
5  dismiss the City from this lawsuit with prejudice.

## VI. CONCLUSION

Based on the foregoing, the City respectfully requests that the Court dismiss the City from the Complaint as no valid claim for relief has been alleged against the City.

Dated: February 5, 2021

RICHARDS, WATSON & GERSHON
 A Professional Corporation
STEPHEN D. LEE


By: s/Stephen D. Lee
STEPHEN D. LEE
Attorneys for Defendant
CITY OF HAWTHORNE

# PROOF OF SERVICE

<u>Hawthorne Hangar Operations, L.P. et al v. Hawthorne Airport, LLC et al</u>

2:20-cv-10744-PA-AS

I, Melanie Russell, declare:

I am a resident of the State of California and over the age of eighteen years and not a party to the within action. My business address is 350 South Grand Avenue, 37th Floor, Los Angeles, California 90071. On February 5, 2021, I served the within document(s) described as:

**CITY OF HAWTHORNE'S MOTION TO DISMISS THE CITY OF HAWTHORNE FROM THE COMPLAINT**

on the interested parties in this action as stated below:

| | |
|---|---|
| Ernest Joseph Franceschi, Jr.<br>Franceschi Law Corporation<br>4640 Admiralty Way, Fl 5<br>Marina del Rey, CA 90292-6636<br>Telephone: (213) 622-0835<br>Facsimile: (213) 622-0837<br>Email: ejf@franceschilaw.com<br><br>*Attorney for Plaintiffs Hawthorne Hangar Operations, L.P. and Dan Wolfe* | Douglas Leland Stuart<br>Stephen R Hofer<br>Aerlex Law Group<br>11900 West Olympic Boulevard, Suite 450<br>Los Angeles, CA 90064<br>Telephone: 310-392-5200<br>Facsimile: 310-392-5255<br>Email: dstuart@aerlex.com<br>Email: shofer@aerlex.com<br><br>*Attorneys for Defendants Hawthorne Airport, LLC, Advanced Air, LLC, David Wehrly, and Levi Stockton* |
| Michael Brett Cooper<br>Kirsten Elizabeth Stockton<br>Yoffe and Cooper LLP<br>3713 Highland Avenue Suite 2<br>Manhattan Beach, CA 90266<br>Telephone: 310-982-2699<br>Facsimile: 877-571-9810<br>Email: mcooper@mbeachlaw.com<br>Email: kstockton@mbeachlaw.com<br><br>*Attorneys for Defendants Hawthorne Airport, LLC, Advanced Air, LLC, David Wehrly, and Levi Stockton* | |

[X] (BY OVERNIGHT DELIVERY) By placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a FedEx agent for delivery, or deposited in a FedEx box or other

-1-
PROOF OF SERVICE

10325-0053\2499564v1.doc

facility regularly maintained by FedEx, in an envelope or package designated by the express service carrier, with delivery fees paid or provided for, addressed to the person(s) at the address(es) set forth above.

[X] (BY E-MAIL) By transmitting the documents listed above to the e-mail addresses set forth above.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 5, 2021, at Los Angeles, California.

I declare under penalty of perjury that the foregoing is true and correct.

                                                s/Melanie Russell
                                                  Melanie Russell

RICHARDS WATSON GERSHON
ATTORNEYS AT LAW - A PROFESSIONAL CORPORATION